IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.;

    Plaintiff,                                      CASE NO.: 20-2829

vs.

HALO AUTOSPORTS, LLC.;
STEVEN J. CRAIG;
HEATHER L. CRAIG
A/K/A HEATHER BRAHAM;
FCH PROPERTIES, LLC.;

    Defendants.
_____/

## **COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2. Defendants Steven Craig and Heather Craig [Debtors] are domiciled in and citizens of Florida per § 1332, the sole members of Defendant Halo [Business].

3. Defendant FCH is a limited liability company whose sole member is Salam Hassan a/k/a Salem Hassan, an individual domiciled in and a citizen of Florida.

4. Jurisdiction exists per § 1332 as the parties are diverse and the sum in controversy exceeds $76,000.00 as to damages, fees and pre-maturity interest. ***Jones v. Landry***, 387 F.2d 102 (5th Cir. 1967); ***Cohen v. Office***, 204 F.3d 10717 (11th Cir. 2000); ***Groves v. Rogers***, 547 F.2d 900 (5th Cir. 1977); ***Ryan v. State Farm***, 934 F.2d 276 (11th Cir. 1991); ***Holley v. Credit***, 821 F.2d 1531 (11th Cir. 1987); ***Waller v. Prof.***, 296 F.2d 547

1

(5th Cir. 1961). Jurisdiction exists on all claims. ***Exxon v. Allapattah***, 545 U.S. 546 (2005). Jurisdiction exists for the property at issue. ***Wabash v. Adelbert***, 208 U.S. 54 (1907).

5. Per Fla. Stat. § 48.193 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who reside in and/or conduct business in Florida.

6. Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here, the properties at issue are located here and Defendants consented to this venue, where they reside and conduct business.

7. On 6/4/18, Debtor(s) submitted a Loan Application to IOU's office website, for a commercial loan [Loan] purportedly for Business, of which they claimed to be the sole owners, for themselves, of which they consented, benefitted and ratified.

8. On 6/7/18 [Closing Date], Debtor(s) executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $260.000.00, at IOU's Georgia office website, in exchange for its Loan Funds, with a loan guaranty fee, confirming all information, consenting to its terms, of which Business and Debtor(s) consented and ratified.

9. The Note is in default if (i) any amount due pursuant to it is not received by IOU when due; (ii) Business breaches any warranty, representation, covenant, term or condition of it; (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days; (iii) Business ceases to exist; (iv) obtains another loan during the term of the Loan without IOU's prior written permission [Note ¶ 6].

10. The Note includes a Security Agreement, by which Debtor(s) and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Debtor(s) and Business, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the UCC. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections [Note ¶ 21].

11. The obligations of Business under the Note may only be assigned by IOU's consent [Note ¶ 22] but IOU provided no such consent to any Defendant or anyone else.

12. On or about the Closing Date, Debtor(s) executed Guaranty(s), at IOU's office website, guaranteeing the Note and Security Agreement, of which they knew, consented, benefitted and ratified as co-guarantors [Note ¶ 12, Guaranty(s) ¶¶ 1-2].

13. Per the Guaranty(s), Debtor(s) granted and/or intended to grant the same security interest in their property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which they consented, benefitted and ratified.

14. The Guaranty(s) may be enforced against Debtor(s) if Business defaults on its obligations under the Note, which are not satisfied by them, are enforceable as to them, their successors and assigns, of which they benefitted and ratified [Guaranty(s) ¶¶ 1-3].

15. Per the Instruments, Business and Debtor(s) must provide all financial information for themselves at the request of IOU which they ratified [Guaranty ¶ 6].

16. On the Closing Date, Business and Debtor(s) executed a Debit Agreement to IOU, authorizing Loan payments by their account to IOU, certifying its purpose and their account information, of which they knew, consented, benefitted and ratified.

17. On the Closing Date, Business and Debtor(s) approved disbursement of the Funds, by IOU, of which these Defendants consented, benefitted and ratified.

18. On the Closing Date, Business and Debtor(s) received the Funds by wire from IOU's account to theirs, of which these Defendants consented, benefitted and ratified.

19. IOU's Loan was intended an a secured interest in all property, assets and proceeds of the Fund's recipients, Business and Debtor(s), under which IOU would be repaid the Funds and would IOU not have otherwise advanced the Funds per the Guaranty(s), Note and Agreements [Instruments].

20. Debtor(s) and Business breached the Instruments just months after receipt of the Funds, which they never cured, failing to make term payments on the Loan by 10/17/18, failing to provide accurate financial information for Business, incurring unauthorized debt for Business, closed by 2/6/20, which IOU accelerated per the default.

21. Debtor(s) and Business did not intend to or could not repay the Funds, which they did not disclose to IOU, who acted for each other as to the Funds and the Loan of which these Defendants knew, benefitted, consented and ratified.

22. Debtor(s) and Business are jointly and severally liable for the Loan and Instruments to which they consented and ratified; who namely:

(a) Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c) Owned, operated and conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan with other debts and its closure by 2/6/20, misusing its corporate form as a conduit/instrumentality for personal affairs, fraudulently obtaining the Funds and evading the Loan, which share and co-mingle assets, finances, ownership, and offices with their other businesses.

(d) Business lacks an existence separate from Debtor(s), per their unified interest or ownership, a subterfuge to avoid IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e) Business and Debtor(s) assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU, including as successors and/or assigns of Debtors per the Instruments.

23. IOU's Loan and Instruments encumbered and secured all property, assets and proceeds of Business and Debtor(s), including but not limited to the following ones:

(a) 15265 Cortez Blvd, Brooksville FL, Parcel Id. R26222183190000000230, commercial realty at which Debtor(s) operated Business as an motor vehicle dealership and repair facility, owned by Business at the time of each of IOU's Loans, by a deed recorded at Hernando Book 3096, Page 991 [Business Property] secured by each of IOU's Security Instruments as a senior secured interest, mentioned in each of IOU's Note(s) and Security Instrument(s) and in IOU's Florida UCC filed 10/24/18, No. 201806859694, detailing the Business, Business Property, Security Agreement, names and known addresses of Debtor(s), upon which IOU relied in providing the Loans, of which Defendants had notice.

(b) Any property, assets or proceeds of the unlawful sale of the Business Property by Business and Debtor(s) to Defendant FCH for $1,700,000.00, by a deed recorded 2/20/20, Hernando Book 3808, Page 1948, done subject to and without any effect upon IOU's senior interest in this Property, of which the Defendants had notice.

(c) 5412 Golddust Road, Spring Hill Florida, Parcel R03223182400000029A1, titled to Debtor(s) by a deed recorded at Book 3626, Page 1809, worth over $250,000.00, secured by the Security Instrument, in which they invested, purchased or improved with the Funds and/or the proceeds of the sale of the Business Property, which is not subject to any valid homestead designation [Debtor(s) Property].

6

(d) Any UUC-1 recorded by IOU on the Loan, to which all property, assets, proceeds and interests of the Debtor(s) and Business are subject, such as IOU's above UCC-1 of which all Defendants had notice, to which they are subject.

(e) Any property, proceeds and assets secured by other loans of Business and Debtor(s), satisfied by the Loan, which they ratified, in whose shoes IOU stands, such as their loan with Unique Funding dated 3/27/18 which IOU satisfied for $74,880.00; their loan with Pearl Capital, which IOU satisfied for $144,290.00, their IOU Loan No. 90202 dated 9/27/17 for $130,000.00, which satisfied IOU Loan No. 74156 dated 2/27/17, which satisfied IOU Loan No. 61038 dated 8/31/16, all with the same terms as the current Loan.

(f) Any Funds used to benefit any Defendant and their property, assets and proceeds, which are also subject to the Loan.

24. Debtor(s) and Business did and/or conspired to make misrepresentations or material omissions to IOU, through Debtor(s), who negligently, knowingly misrepresented or failed to disclose to IOU the following matters, to hinder, delay or defraud enforcement of the Loan, contrary to their representations to IOU that they would and could comply with the Instruments and satisfy the Loan:

(a) They fraudulently induced IOU to close the Loan, which they did not intend to or could not perform, defaulting on its term payments by 10/17/18 just after the Closing;

(b) Debtor(s) failed to disclose, misrepresented and lied to IOU in the Application, Instruments and on the Closing Date about the prior debts of Business which

would not prevent satisfaction of the Loan, such as prior debts with Floor Plan Lender and Next Gear Capital, which instead seized property, assets and proceeds of Business such as its inventory of over 50 automobiles, a prior debt with Centennial Bank, resulting in a state court judgment of over $56,000.00 and a prior debt with TCF Inventory resulting in a federal judgment over $157,000.000, precluding the ability of Business to satisfy the Loan.

(c) Debtor(s) misrepresented and lied to IOU in the Application, Instruments and on the Closing Date about their intent not to incur additional debt for Business, but who instead covertly obtained a loan dated 4/17/19 with Tena Automotive and a loan dated 6/27/19 with Westlake Flooring, precluding the ability of Business to satisfy the Loan.

(d) Debtor(s) misrepresented and lied to IOU in the Application, Instruments and on the Closing Date that they still resided at and owned a condominium, 303 Grinnell Street, # 404 Key West FL, which they had already sold per an assignment of that property recorded on 8/28/15, Monroe Book 2757, Page 2497 by Defendant Heather Craig under her prior name Heather Braham, who did not disclose Debtor(s) current Property to IOU, which was to be secured under the Instruments, which only identify their former home.

(e) Debtor(s) misrepresented and lied to IOU about their alleged efforts to resolve the Loan default after the Closing, even after repeated communications by IOU to them on the Loan, including a loan modification dated 10/26/18 reaffirming the Loan.

(f) Debtor(s) did not disclose that they fraudulently stripped Business of its property, assets and proceeds, in which IOU had a secured interest, which they sold to benefit themselves, such as their invalid sale of the Business Property without satisfying IOU's superior secured interest unaffected by the sale, of which all Defendants had notice.

25. IOU justifiably relied on the misrepresentations or omissions of Business and Debtor(s) as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result of their misconduct which these Defendants ratified.

26. IOU holds and/or owns the Instruments and claims at issue and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

27. Business and Debtor(s) induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which they knew, benefitted, consented and ratified.

28. IOU provided the Funds to Business and Debtor(s)and/or their agents, expecting repayment, which they appreciated, benefitted, consented and ratified.

29. Business and Debtor(s) knew of, accepted and retained the Funds, should return or compensate, are otherwise unjustly enriched by them at IOU's expense, retaining the Funds, their property, assets and proceeds absent IOU's interest in them.

30. Business and Debtor(s) are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

31. Business and Debtor(s) conspired to commit their misconduct per their corrupt agreements, are liable for each other's acts and omissions as partners, servants, agents, successors, assigns, who jointly benefitted and/or ratified them.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I:  DECLARATORY, EQUITABLE AND
## RELATED RELIEF AS TO ALL DEFENDANTS

33. ¶¶ 7-32 are incorporated.

34. Business and Debtor(s) are jointly liable for the Loan and Funds, whose property, assets and proceeds, such as the Properties or property, assets and proceeds resulting from them, are subject to the Instruments, who wrongfully evaded the Loan.

35. The fraudulent and/or inequitable misconduct of Business and Debtor(s) requires reforming the Instruments to include them, their property, assets and proceeds, who induced IOU to make the Loan, to which they are subject, but were all wrongfully omitted, such the above Debtor(s) Property; and to confirm IOU's superior secured interest in the Business Property over the inferior interest of Defendant FCH.

36. The fraudulent or inequitable misconduct of Business and Debtor(s) permits them to wrongfully retain the Funds and their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

37. The Instruments are intended to bind all recipients and beneficiaries of the Funds, Business and Debtor(s), whose property, assets and proceeds are to secure the Loan, who consented to, benefitted from and ratified the Loan, obtaining the Funds.

38. IOU stands in the shoes of the prior Loans per the equitable doctrines of subrogation, contribution, exoneration and *quia timet* which IOU is entitled to invoke.

39. The Instruments are intended as and constitute a security interest/mortgage lien in all property, proceeds and assets of Business and Debtor(s), identified and described as collateral, such as the Business Property, which they ratified, for which equitable relief will not prejudice them, in which any alleged interest of FCH is subordinate.

40. Per 28 U.S.C. § 2201, Fla. Stat. §§§ 679.1011, *et seq,* 697.01, *et seq.*, 65.011, *et seq.*, and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Business and Debtor(s) as jointly liable for them, a secured interest in all property, assets and proceeds of Business and Debtor(s) to secure their payment, relating back to their execution and/or origination, such as the above Properties and those secured by the Prior Loan(s), in which any interests of FCH are subordinate, also under subrogation, contribution, exoneration and *quia timet*; and grant all just relief.

### COUNT II:  BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO BUSINESS AND DEBTOR(S)

41. ¶¶ 7-32 are incorporated.

42. Business and Debtor(s) consented to, benefitted from and ratified the Instruments, accepting the Funds of which they are liable as co-guarantors.

43. Business and Debtor(s) breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Business and Debtor(s) were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Business and Debtor(s) are notified IOU enforces and invokes the fees terms of the Instruments as to them and will be indebted for IOU's fees/costs, unless all principal, interest and charges due to IOU are paid within 10 days of service of this suit.

46. IOU demands judgment as to Business and Debtor(s) for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and just relief.

### COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO AND RELATED RELIEF AS TO BUSINESS AND DEBTOR(S)

47. ¶¶ 7-32 are incorporated.

48. Business is presumed insolvent, per its default on the Loan on 10/17/18 and other debts as they came due, lacks assets with short term liquidity, its assets are less than its liabilities and lacks capital to support its operations per its above dissolution.

49. Debtor(s) rendered Business insolvent, incurring debt which it could not repay, incurring other debt and otherwise mismanaging its property, assets and proceeds.

50. Debtor(s) had fiduciary duties to creditors of Business, such as IOU, as its managers/officers/owners, to conserve and manage its property, assets and proceeds in trust to benefit its creditors, such as IOU, after its insolvency, which they were not convert or give away, precluding collection of IOU's debt, to benefit themselves at IOU's expense.

51. Debtor(s) breached their fiduciary duties to IOU by knowingly misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit their interests, dishonestly, in bad faith, such as the sale of the Business Property; (a) paying themselves from them; (b) misusing them for personal use such as with the fraudulent sale; (c) in violation of the Instruments, constituting fraudulent transfers per Fla Stat § 726.105, to hinder, delay or defraud IOU in enforcing its Loan; and (d) constructively fraudulent transfers per Fla. Stat. § 725.106(e); impairing IOU's security interest in the property, assets and proceeds of Business, now unable to satisfy the Loan, which was not satisfied.

52. Debtor(s) misconduct wrongfully precluded satisfaction of the Loan by Business, whose misuse of its property, assets and proceeds impaired IOU's security interest in them of which these Defendants consented, benefitted and ratified.

53. The misconduct of Business and Debtor(s) was intentional, grossly negligent, lacking in care, done with knowledge IOU would be harmed, in which they knew, consented, participated, benefitted and ratified.

54. Per Fla. Stat. § 768.72, *et seq.*, and applicable law, IOU demands judgment as to Business and Debtor(s) for their torts, compensatory, consequential, special, nominal, punitive damages exceeding $76,000.00 and all just relief including its equitable remedies.

### COUNT IV:  EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO ALL DEFENDANTS

55. ¶¶ 7-32 and ¶¶ 50-53 are incorporated.

56. Business and Debtor(s) wrongfully induced IOU to provide the Funds, and the Loan, without intending to satisfy it, wrongfully precluded by their above misconduct.

57. Business and Debtor(s) knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who are unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

58. An equitable lien or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Business and Debtor(s), such as the above Properties, per their misconduct, in which any interest of FCH is subordinate.

59. Per 28 U.S.C. § 2201, *et seq.*, and applicable law, IOU requests the Court declare and impose an senior equitable lien/mortgage on all property, assets and proceeds of Business and Debtor(s) to secure the Instruments, relating back to their execution and/or origination, such as the above Properties and those secured by the Prior Loan(s), in which any interests of FCH are subordinate; and grant all just relief.

## COUNT V: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

60. ¶¶ 7-32 and ¶¶ 50-53 are incorporated.

61. The property, assets and proceeds of all recipients of the Funds, Business and Debtor(s) were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

62. Business and Debtor(s) wrongfully induced IOU to provide the Funds and the Loan, without intending to satisfy it, wrongfully precluded by their misconduct.

63. Business and Debtor(s) knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who are unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

64. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Business and Debtor(s), such as the above Properties, per their misconduct, in which any interest of FCH is subordinate.

65. Per 28 U.S.C. § 2201, *et seq.*, and applicable law, IOU requests the Court declare and impose a senior constructive trust on all property, assets and proceeds of Business and Debtor(s) to secure the Instruments, relating back to their execution and/or origination, such as the above Properties and those secured by the Prior Loan(s), in which any interests of FCH are subordinate; and grant all just relief.

## COUNT VI: FORECLOSURE AND RELATED RELIEF AS TO ALL DEFENDANTS

66. ¶¶ 7-32 are incorporated.

67. Business and Debtor(s) ratified, assumed, adopted, approved and breached the Instruments, in which they are in default, provided materially false, misleading or inaccurate information or failed to disclose information in the loan application process.

68. Business and Debtor(s) breached Plaintiff's Instruments, a senior secured interest on their property, assets and proceeds, such as the Business Property and the Debtor(s) Property, in which any interest of Defendant FCH is subordinate.

69. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile.

70. Per 28 U.S.C. § 2001, *et seq.,* Fla. Stat. §§§ 701.01, *et seq.,* 86.011, *et seq.,* 65.011, *et seq.,* 45.011, *et seq.* and applicable law, IOU requests the Court declare, establish and judicially foreclose its secured lien interest in all property, assets and proceeds of Business and Debtor(s), such as the above Properties, their fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption.

## COUNT VII:  PAYMENTS, POSSESSION AND
## RELATED RELIEF AS TO ALL DEFENDANTS

71. ¶¶ 7-32 are incorporated.

72. Defendants and/or others occupy and possess their property, assets and proceeds, such as the above Properties, to which Plaintiff or any purchaser at sale is entitled to post-sale possession and/or payments.

73. Plaintiff is entitled to an order requiring payments during the pendency of this foreclosure as to the Business Property per Fla. Stat § 701.01 *et seq* and applicable law.

74. Per Fed. R. Civ. P. 64, Fla. Stat §§ 701.01 *et seq,* 66.011, *et seq.*, and applicable law, Plaintiff requests the Court order Defendants to make payments to Plaintiff during this foreclosure of the Business Property per the Instruments, granting its possession to IOU if failing to make payments, granting post-sale possession of the property, assets and proceeds of Defendants to IOU or any other purchaser at sale, including the Business Property; and/or any other purchaser at sale, ejecting Defendants and/or any others.

75. The individual Defendants are not minor(s), not adjudged incompetent; not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 1st day of December 2020.

By: */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 103527